UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

MARIA ANTONIETA VALE AVILA,

    Plaintiff,

v.

CARING HEARTS & HANDS ASSISTED
LIVING & ELDER CARE, LLC and
BARBARA MCDONALD,

    Defendants.

Civil Action No. TDC-15-3943

MEMORANDUM OPINION

On December 23, 2015, Plaintiff Maria Antonieta Vale Avila ("Vale") filed a Complaint against Defendants Barbara McDonald, who is self-represented, and Caring Hearts & Hands Assisted Living & Elder Care, LLC ("Caring Hearts"). Vale alleges that she worked approximately 84 hours per week at Caring Hearts but was not appropriately compensated under the overtime pay requirements of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201–19 (2012), the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., Lab. & Empl. §§ 3-401–31 (West 2016), and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann., Lab. & Empl. §§ 3-501–09 (West 2016). Presently pending before the Court is McDonald's Motion for Summary Judgment, filed on February 22, 2016. The Motion is ready for disposition, and a hearing is unnecessary. *See* D. Md. Local R. 105.6. For the following reasons, the Motion for Summary Judgment, construed as a motion to dismiss, is DENIED.

## BACKGROUND

The following facts are alleged in the Complaint. Vale was employed as a "helper" by McDonald and Caring Hearts between June 1, 2009 and November 23, 2015. Compl. ¶ 17. McDonald and Caring Hearts are a single enterprise with an annual gross volume of business in an amount exceeding $500,000. McDonald controlled the day-to-day operations of Caring Hearts. She had the power to hire, fire, suspend, and discipline Vale; supervised Vale; directly or indirectly set and controlled Vale's work schedule or had the power to do so; and directly or indirectly set and determined the rate and method of Vale's pay or had the power to do so.

During her employment period, Vale worked approximately 84 hours per week and was paid, at various times, at weekly rates of $600 or $700 per week. When Vale worked over 40 hours per week, she was not compensated at 1.5 times her regular hourly rate for those overtime hours. All told, Vale claims that she is owed $51,818.40 in unpaid minimum and overtime wages. She claims $103,636.80 in damages for violations of the FLSA, $155,455.20 for violations of the MWPCL, and $51,818.40 for violations of the MWHL.

## DISCUSSION

McDonald asserts that Vale's Complaint should be dismissed on several grounds. First, she asserts generally that she may not be sued in her individual capacity because she is insulated from liability by the corporate veil. Second, she asserts that Vale's FLSA claim should be dismissed because none of Caring Hearts' employees is engaged in interstate commerce. Third, McDonald asserts that Vale's MWHL claim should be dismissed because her allegations are untrue and that her MWPCL claim should be dismissed because she may not recover overtime wages under that law. Each of McDonald's arguments will be addressed in turn.

## I. Motion on Behalf of Caring Hearts

As a preliminary matter, the Court construes the Motion, submitted under McDonald's signature, as filed on behalf of McDonald alone, not on behalf of Caring Hearts. In the Motion, McDonald states that she is the owner and operator of Caring Hearts. However, Caring Hearts, as a limited liability company, may appear in court only through a licensed attorney. *See United States v. Lavabit, LLC*, 749 F.3d 276, 290 n.17 (4th Cir. 2014) (citing *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993)) (holding that artificial entities may not proceed without counsel). Because McDonald is not a licensed attorney, she may not file a Motion on behalf of Caring Hearts. *See id.*; *United States v. Hagerman*, 545 F.3d 579 581–82 (7th Cir. 2008) (holding that an LLC must be represented by counsel because "the right to conduct business in a form that confers privileges, such as the limited personal liability of the owners for tort or contract claims against the business, carries with it obligations one of which is to hire a lawyer if you want to sue or defend on behalf of the entity").

On March 1, 2016, the Clerk issued an Order of Default against Caring Hearts pursuant to Federal Rule of Civil Procedure 55 because Caring Hearts has filed neither an Answer nor a Rule 12 motion through counsel. Caring Hearts remains in default.

## II. Legal Standard

McDonald has captioned her filing as a "Motion for Summary Judgment" and invokes Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 56. The Court, however, construes the Motion as a motion to dismiss under Rule 12. Rules 12(b)(1) and 12(b)(6) govern motions to dismiss, not motions for summary judgment. McDonald's Memorandum of Point and Authorities in support of the Motion provides only the legal standard for a motion to dismiss. Moreover, there is no record upon which McDonald can assert a lack of a genuine issue of

material fact. *See* Fed. R. Civ. P. 56(c)(1)(A). McDonald has attached two exhibits to her Motion: (1) a letter from Vale's counsel alleging FLSA, MWHL, and MWPCL violations and making a settlement proposal, and (2) a responsive letter from McDonald disclaiming liability and declining the settlement offer. McDonald cites these letters as evidence that Vale attempted "to shakedown Defendants for money that she is not entitled to," Def.'s Mem. Point Authorities in Supp. Def.'s Mot. Summ. J. ("Def.'s Mem.") at 2, not to establish the lack of any genuine dispute of material fact. Finally, as a self-represented litigant, McDonald may not be aware that motions for summary judgment are generally filed after the close of discovery and are appropriate only when the evidence reveals that "there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). Here, discovery will not begin until the Court issues a scheduling order, so it is premature to assess whether there are material factual disputes between the parties, such as whether Vale was appropriately paid overtime or minimum wages. For these reasons, the Court construes the Motion as a Rule 12 motion to dismiss.

Specifically, the Court construes the Motion as a motion to dismiss for failure to state a claim under Rule 12(b)(6). Although McDonald also references Rule 12(b)(1), she does not provide any argument that the Court lacks subject matter jurisdiction Indeed, because Vale brings her claim under the FLSA, the Court clearly has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331. Because Vale's MWHL and MWPCL claims form part of the same case or controversy as her FLSA claim, the Court also has subject matter jurisdiction over these state law claims pursuant to 28 U.S.C. § 1367. Therefore, the Court construes McDonald's Motion as a Rule 12(b)(6) motion to dismiss.

To defeat a motion to dismiss under Rule 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is

plausible when the facts pleaded allow "the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although courts should construe pleadings of self-represented litigants liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), legal conclusions or conclusory statements do not suffice, *Iqbal*, 556 U.S. at 678. The Court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005).

### III. Individual Liability

First, McDonald asserts that Vale's Complaint against her in her individual capacity must be dismissed because she was not Vale's employer and because the corporate veil insulates her from liability. An individual's liability under the FLSA, MWHL, and MWPCL turns on whether he or she is an "employer" as defined by those statutes. *See Brock v. Hamad*, 867 F.2d 804, 808 n.6 (4th Cir. 1989) (FLSA); *Newell v. Runnels*, 967 A.2d 729, 771–72 (Md. 2009) (FLSA and MWHL); *Campusano v. Lusitano Const., LLC*, 56 A.3d 303, 308 (Md. Ct. Spec. App. 2012) (MWPCL). The FLSA defines "employer" as including "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). The MWHL has a nearly identical definition of "employer," including any "person who acts directly or indirectly in the interest of another employer with an employee." Md. Code Ann., Lab. & Empl. § 3-401. The MWPCL's definition is different, but still broad, including "any person who employs an individual in the State or a successor of the person." *Id.* § 3-501(b). Employers include "those with managerial responsibilities and substantial control of the terms and conditions" of employees' work. *Kerr v. Marshall Univ. Bd. of Governors*, __ F.3d __, No. 15-1473, 2016 WL

2995806, at *14 (4th Cir. May 24, 2016). To determine whether an individual can be a considered an employer under these definitions, courts use the "economic reality" test. *Kerr*, 2016 WL 2995806, at *14–15 (FLSA); *Newell*, 967 A.2d at 772; *Campusano*, 56 A.3d at 308. Specifically, courts consider whether the employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records. *Kerr*, 2016 WL 2995806, at *15; *Newell*, 967 A.2d at 772; *Campusano*, 56 A.3d at 309. No one factor is dispositive. *Kerr*, 2016 WL 2995806, at *15.

In this case, Vale has alleged that McDonald satisfied the elements of the economic reality test. She alleges that McDonald "had the power to hire, fire, suspend, and discipline Plaintiff," "supervised Plaintiff directly or indirectly," "directly or indirectly set and controlled Plaintiff's work schedule or had the power to do so," and "directly or indirectly set and determined the rate and method of Plaintiff's pay or had the power to do so." She does not explicitly claim that McDonald maintained her employment records, but she alleged that McDonald "controlled the day to day operations of Caring Hearts." Compl. ¶¶ 10–14. Vale has therefore stated a claim that McDonald may be found liable as an "employer" under the FLSA, MWHL, and MWPCL.

McDonald's invocation of the corporate veil in the FLSA, MWHL, and MWPCL context is unpersuasive. The corporate veil provides that "[o]fficers and directors of a corporation generally are insulated from personal liability for the debts of the corporation." *Ferguson Trenching Co. v. Kiehne*, 618 A.2d 735, 738 (Md. 1993). In light of the FLSA definition of "employer," however, it is not a barrier to personal liability under the FLSA. "In FLSA cases, courts have consistently held that a corporate officer with operational control who is directly

6

responsible for a failure to pay statutorily required wages is an 'employer' along with the corporation, jointly and severally liable for the shortfall." *Leddy v. Standard Drywall, Inc.*, 875 F.2d 383, 387 (2d Cir. 1989); *Donovan v. Agnew*, 712 F.2d 1508, 1513 (1st Cir. 1983) ("We agree that it should not lightly be inferred that Congress intended to disregard in this context the shield from personal liability which is one of the major purposes of doing business in a corporate form. . . . But neither does the language of the Act in defining employer support appellants' contention that officers in a bona fide corporation can never be held personally liable for unpaid wages."); *see also Brock v. Hamad*, 867 F.2d 804, 808 n.6 (4th Cir. 1989) (noting that "[e]ven if the businesses were within a corporate structure," the individual defendant "would still be the employer who would be liable for violations of the FLSA"). It is not the case that any corporate officer with operational control over payroll matters would necessarily be personally liable for the corporation's failure to pay minimum and overtime wages. *See Agnew*, 712 F.2d at 1513. However, because Vale has alleged more than this—that in economic reality, McDonald is her employer—McDonald's Motion to Dismiss is denied.

Similarly, the corporate veil does not insulate McDonald from liability under the MWHL and MWPCL. As discussed above, the MWHL is the "State parallel" to the FLSA, and defines "employer" as broadly as the FLSA. *Newell*, 967 A.2d at 771. In addition, the FLSA and MWHL definitions of "employer" are "not limited by the common law concept of 'employer.'" *Id.* Likewise, the MWPCL contains a definition of "employer" sufficiently similar to apply the same economic reality test. *See Campusano*, 56 A.3d at 308. Although the Court of Appeals of Maryland has not directly addressed the corporate veil's application to the MWHL or MWPCL, it follows from the statutes' similarities with the FLSA that the MWHL and MWPCL are likewise not constrained by the common law corporate veil doctrine. Indeed, other courts in this

district have rejected such an application to the MWHL and MWPCL. *See, e.g., Rollins v. Rollins Trucking, LLC*, No. JKB-15-3312, 2016 WL 81510, at *3 (D. Md. Jan. 7, 2016) (finding that "it is well-settled that employees need undertake no veil-piercing venture to recover under the [Maryland] wage statutes"); *Reynolds v. Solo & AD, Inc.*, No. CBD-15-2021, 2015 WL 5882053, at *2–3 (D. Md. Oct. 2, 2015); *see also Roman v. Guapos III, Inc.*, 970 F. Supp. 2d 407, 417 (D. Md. 2013). The Court thus concludes that the corporate veil does not bar liability under the MWHL or MWPCL against McDonald if, pursuant to the economic reality test, she is found to be an "employer."

## IV. Interstate Commerce

Next, McDonald asserts that Vale's FLSA claim must be dismissed because it fails to allege sufficiently that Vale worked for an enterprise engaged in interstate commerce. The maximum hours section of the FLSA states:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is *employed in an enterprise engaged in commerce or in the production of goods for commerce*, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1) (emphasis added).

The FLSA defines "commerce" as "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof." 29 U.S.C. § 203(b). An "enterprise engaged in commerce or in the production of goods for commerce" is defined as an enterprise that:

> (A)(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (ii) is an enterprise whose annual gross volume of sales made or

8

business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated);

(B) is engaged in the operation of a hospital, an institution primarily engaged in the care of the sick, the aged, or the mentally ill or defective who reside on the premises of such institution, a school for mentally or physically handicapped or gifted children, a preschool, elementary or secondary school, or an institution of higher education (regardless of whether or not such hospital, institution, or school is public or private or operated for profit or not for profit); or

(C) is an activity of a public agency.

29 U.S.C. § 203(s)(1).

McDonald asserts that Vale has not adequately alleged the interstate commerce element because none of Caring Hearts' employees engages in interstate commerce. First, the Court notes that based on its name, Caring Hearts & Hands Assisted Living & Elder Care, LLC, and McDonald's statements that Caring Hearts is an "assisted living business caring for the elderly" and that has "elderly patrons that are housed at the facility," Def.'s Mem. at 3, 6, Caring Hearts appears to be "an institution primarily engaged in the care of the sick, the aged, or the mentally ill or defective who reside on the premises," which would by itself establish that it is an "enterprise engaged in commerce or in the production of goods for commerce." *See* 29 U.S.C. § 203(s)(1)(B).

Even though Vale did not allege that Caring Hearts was such an institution, she has still alleged sufficiently that Vale is "employed in an enterprise engaged in commerce" within the meaning of the FLSA. 29 U.S.C. §§ 203(s)(1), 207(a)(1). First, Vale has alleged that "Defendants, in the aggregate and as a single enterprise, had an annual gross volume of sales made or business done in an amount exceeding $500,000." Compl. ¶ 6; *see also* 29 U.S.C. § 203(s)(1)(A)(ii). Second, Vale has alleged that "Defendants have at least two or more employees who are engaged in commerce, handle, sell or otherwise work on goods or materials that have

9

moved in or were produced for commerce" and that "Defendants negotiate and purchase from producers and suppliers who operate in interstate commerce and serve customers in interstate commerce." Compl. ¶ 8. Vale has therefore alleged that she is employed in an enterprise that "has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person." See 29 U.S.C. § 203(s)(1)(A)(i). Having met both prongs of § 203(s)(1)(A), Vale has adequately alleged that McDonald is an enterprise engaged in commerce.

McDonald asserts that Caring Hearts' employees do not engage in the type of activities deemed to establish interstate commerce in *Russell v. Continental Restaurant, Inc.*, 430 F. Supp. 2d 521 (D. Md. 2006). However, *Russell* was examining not whether the plaintiff was "employed in an enterprise engaged in commerce," but the alternative element of whether the plaintiff was personally an employee who "in any workweek is engaged in commerce or in the production of goods for commerce." See *Russell*, 430 F. Supp. 2d at 524-25 (citing 29 U.S.C. §§ 206(a), 207(a)(1)) (finding that the plaintiff had not personally engaged in commerce by communicating with vendors and customers across state lines and handling goods moved in interstate commerce). Because Vale has alleged only that she was employed by an enterprise engaged in commerce, *Russell* is inapposite. Although McDonald asserts in her Motion that none of her employees engages in interstate commerce, that claim is a factual dispute to be resolved as the case proceeds. At the stage of a motion to dismiss, where the factual allegations in Vale's Complaint are considered true, *see Albright*, 510 U.S. at 268, Vale's allegations relating to interstate commerce are sufficient to support a plausible claim for relief under the FLSA.

## V.     MWHL and MWPCL Claims

Finally, McDonald asserts that Vale has failed to state a claim under the MWHL and MWPCL. The only basis McDonald offers for why the MWHL claim should be dismissed is that Vale "maintained a normal work schedule and was paid accordingly and proper." Def.'s Mem. at 8. As previously discussed, the factual allegations in Vale's Complaint are considered true on a motion to dismiss. Therefore, McDonald's contrary factual allegations do not provide a basis for dismissal.

McDonald also asserts that Vale's MWPCL claim should be dismissed because the MWPCL does not cover overtime wages. However, McDonald's citations predate the more recent ruling by the Court of Appeals of Maryland that overtime wages can be recovered under the MWPCL. *See Peters v. Early Healthcare Giver, Inc.*, 97 A.3d 621, 625–26 (Md. 2014) ("We reaffirm today that both the WHL and WPCL are vehicles for recovering overtime wages."). McDonald's claim therefore fails.

## CONCLUSION

For the foregoing reasons, McDonald's Motion for Summary Judgment, construed as a motion to dismiss, is DENIED. A separate Order shall issue.

Date: August 1, 2016

THEODORE D. CHUANG
United States District Judge